UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDEEP RAI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HEADLIGHT HEALTH, INC., a Delaware corporation; SOKYAHEALTH MEDICAL GROUP, P.C., a California corporation; and DOES 1 through 20,<br><br>Defendants. | Case No.: 26-cv-00429-DMS-BJW<br><br>**ORDER VACATING ORAL ARGUMENT; GRANTING PLAINTIFF'S MOTION TO REMAND; and DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES**<br><br>**[ECF No. 5]** |

Pending before the Court is Plaintiff's motion to remand this case to San Diego County Superior Court ("State Court") and request for attorneys' fees. (Mot., ECF No. 5.) Defendants Headlight Health, Inc. ("Headlight") and SokyaHealth Medical Group, P.C. ("SokyaHealth") filed a response in opposition, (Opp'n, ECF No. 8), and Plaintiff filed a reply. (Reply, ECF No. 10.) The matter is currently scheduled to be heard on Friday, February 27, 2026, at 1:30 p.m. Because the matter is suitable for resolution without oral argument, the Court vacates the hearing. S.D. Cal. Civ. R. 7.1(d)(1). For the following reasons, the Court grants Plaintiff's motion to remand and denies Plaintiff's request for attorneys' fees.

1

# I.    BACKGROUND

Plaintiff originally filed this action in State Court on December 22, 2025, (Notice of Removal, ECF No. 1, at 1), alleging sex discrimination, interference with pregnancy disability leave, failure to accommodate, failure to engage in the interactive process, retaliation, violations of the California Family Rights Act, failure to prevent discrimination, and whistleblower retaliation.  (Compl., ECF No. 1-7, at 1.)  On January 23, 2026, Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[1]  (Notice of Removal 1.)  Plaintiff now moves to remand to State Court and requests attorneys' fees incurred as a result of her motion.

# II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit, based on federal question or diversity of citizenship of the parties and an amount in controversy that exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a), 1441(a).  "[I]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation modified) (citation omitted).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the district court resolves all ambiguity in favor of remand to state court."  *Id.* (citation modified) (citation omitted).

/ / /

/ / /

---

[1] Because Defendants were served on December 22, 2025, (Notice of Removal ¶ 32), the removal deadline was January 22, 2026.  28 U.S.C. § 1446(b).  Defendants contend that they experienced technical difficulties when filing the removal papers on January 22, 2026, causing them to file one day late.  Under these circumstances, the Court opts to rule on the merits of Plaintiff's motion to remand.

26-cv-00429-DMS-BJW

### III.    DISCUSSION

Defendants assert that the Court has diversity jurisdiction over this matter. (Notice of Removal ¶ 34.) A state-court action can be removed on diversity grounds only where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1441(a). Courts evaluate diversity jurisdiction at the time of removal. *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1000 (C.D. Cal. 2002). "A court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Id.* at 1001 (citation modified) (citation omitted). A civil action removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

### A. Amount in Controversy

There is no dispute as to the amount in controversy. "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Lindsey v. WC Logistics, Inc.*, 586 F. Supp. 3d 983, 991 (N.D. Cal. 2022) (quoting *Dart Cherokee Basin*, 574 U.S. at 87). The Complaint is silent as to the amount in controversy. Defendants contend the amount in controversy exceeds $75,000, (Notice of Removal ¶¶ 19–28), which Plaintiff does not contest. Thus, the Court finds the amount in controversy requirement is met.

### B. Diversity

To have complete diversity, Plaintiff cannot be domiciled in the same state as either Defendant. 28 U.S.C. § 1332. "To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828 (1989)). "The

natural person's state citizenship is then determined by her state of domicile," which is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). Plaintiff is a citizen of Virginia and worked in Las Vegas, Nevada. (Notice of Removal ¶ 12.) Neither party contends that Plaintiff is domiciled in Delaware, California, Oregon, or Utah. Thus, the Court finds that Plaintiff is either domiciled in Virginia or Nevada.[2]

For diversity jurisdiction purposes, a corporation is a citizen of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332. "By the plain wording of the statute, a corporation can have only one principle place of business, though it could have multiple places of incorporation." *Kazemy v. BMW of N. Am., LLC*, No. 3:13-CV-02050-AC, 2014 WL 3667217, at *3 (D. Or. July 17, 2014) (citation omitted). A corporation's "principal place of business," also called a corporation's "nerve center," refers to the "place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). "[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 93.

Both parties agree that Headlight is incorporated in Delaware. (Compl. ¶ 5; Notice of Removal ¶ 14; Mot. 3.) Plaintiff alleges in her Complaint that Headlight is headquartered in California. (Compl. ¶ 5.) Defendant contends that Headlight is headquartered in Utah, not California, and therefore, is not a citizen of California. (Notice of Removal 4.) Plaintiff does not dispute Defendants' contention or otherwise argue that

---

[2] This Court's ruling is unchanged regardless of whether Plaintiff's domicile is Virginia or Nevada. Thus, the Court does not decide which of these states is Plaintiff's rightful domicile.

26-cv-00429-DMS-BJW

Headlight is headquartered in California.  For these reasons, the Court finds that complete diversity exists between Plaintiff and Headlight.[3]

However, the parties disagree whether SokyaHealth is domiciled in California.  It appears two companies named SokyaHealth Medical Group, P.C. exist—one incorporated in Oregon, and one in California.  (Opp'n 3; *id.*, Ex. C (depicting business entity data from the Oregon Secretary of State); Mot., Ex. A (depicting business entity data from the California Secretary of State).)  Plaintiff argues that she sued the *California* corporation.  (Mot. 3.)  Defendants argue that Plaintiff "misrepresented" SokyaHealth's citizenship in the Complaint (which describes SokyaHealth as a "California corporation").  (Notice of Removal ¶ 16.)  Defendants also argue that the *Oregon* corporation was Plaintiff's true and sole employer and, therefore, the California corporation was "incorrectly named" as a Defendant.  (Opp'n 1, 3.)  Defendant argues that because the California corporation is an improper party, the California corporation should be dismissed.  (*Id.* at 3.)  Defendants request that this Court use its discretion under Federal Rule of Civil Procedure 21 to "sever" any claims against the California corporation, (*Id.* at 4), or, alternatively, remove the California corporation under the "fraudulent joinder" rule.  (*Id.*)  The Court refuses to take such action based on the current record.

A non-diverse defendant may be disregarded if that defendant has been "fraudulently joined."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Hunter*, 582 F.3d at 1044).  If there exists even a "*possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to

---

[3] The Court does not determine whether Headlight is also domiciled in Utah because such a finding is not necessary to rule on this motion.

26-cv-00429-DMS-BJW

the state court." *Id.* (emphasis in original) (citing *Hunter*, 582 F.3d at 1046). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a '*heavy* burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.* (emphasis added) (citing *Hunter*, 582 F.3d at 1046). Neither circumstance exists here. Plaintiff alleged that SokyaHealth is incorporated in California, (Compl. ¶ 6), and there is indeed a SokyaHealth incorporated in California. (Mot., Decl. of Calvin Chang in Supp. of Pl.'s Mot. ("Chang Decl."), Exs. A, C.) Defendants have not shown actual fraud in the pleading of jurisdictional facts.

Additionally, assuming the two SokyaHealth Medical Group, P.C. entities are separate and distinct corporations, Defendants have failed to sufficiently prove that the Oregon corporation is Plaintiff's true and sole employer (and, thus, there is no possibility a cause of action can be asserted against the California corporation). The employment agreement names Plaintiff's employer as "SokyaHealth Medical Group, P.C." with the address of 5060 Shoreham Place Suite 100, San Diego, California 92122, (*Id.*, Decl. of Sandeep Rai in Supp. of Pl.'s Mot. ("Rai Decl."), Ex. A, at 1)—the same address listed on the California's Secretary of State website and the California company's Statement of Incorporation. (*Id.*, Chang Decl., Exs. A, C.) Plaintiff's primary work location was San Diego, California. (*Id.*, Rai Decl., Ex. A, at 12.) Additionally, the two entities share corporate officers. For example, Dr. Shashita Inamdar is listed as the Oregon corporation's president and secretary, (Opp'n, Ex. C), as well as the California corporation's Chief Executive Officer, Chief Financial Officer, and secretary. (Mot., Chang Decl., Ex. C.) Emily Hawk, the recipient of the Internal Revenue Service's letter assigning the Oregon corporation its federal tax ID number, (Opp'n, Ex. D), is also the officer who signed Plaintiff's employment agreement. (Mot., Rai Decl., Ex. A, at 11.) Plaintiff also contends that the employer address listed on her wage statements is SokyaHealth's San Diego address, (*Id.*, Rai Decl., ¶ 3), and under California Labor Code section 226, an employee's wage statement must include "the name and address of the *legal entity that is the employer*." Cal. Lab. Code § 226(a).

26-cv-00429-DMS-BJW

To prove that the Oregon corporation was Plaintiff's true and sole employer, Defendant argues that Plaintiff's W-2 bears the federal tax ID number given to the Oregon corporation. (Opp'n 2; *id.*, Exs. A, B.) Defendant also argues that the address on Plaintiff's W-2 is "Salt Lake City, Utah, which is the headquarters of Headlight, who provides payroll services for" the Oregon corporation. (*Id.* at 2.) This evidence does not satisfy Defendant's heavy burden, especially in light of Plaintiff's contrary evidence. Thus, the Court declines to disregard the California corporation as "fraudulent joinder." The Court also declines to invoke its discretion to sever the California corporation under Rule 21. *See Cnty. of Mono v. Liberty Utils. (Calpeco Elec., LLC)*, No. 221CV00834, 2022 WL 3368440, at *1 (E.D. Cal. Aug. 16, 2022) (describing various reasons a court may sever claims under Rule 21). Because the SokyaHealth entity that was sued is incorporated in California, complete diversity does not exist and this action cannot be removed to the Southern District of California.

Further, even if Plaintiff intended to sue the Oregon corporation, the Court finds that the Oregon corporation's principal place of business is in California. The Oregon corporation lists a San Diego address as its principal place of business and mailing address. (Opp'n, Ex. C.) Dr. Inamdar, the Oregon corporation's incorporator, president, and secretary, uses a San Diego post office box has her mailing address. (*Id.*) Further, in the California company's Statement of Information, Dr. Inamdar lists her address in San Diego. (Mot., Chang Decl., Ex. C.) Plaintiff, who worked under the company's executives, asserts that the majority of SokyaHealth's executives live and work in California and the company's executive and administrative functions are performed in California. (*Id.*, Rai Decl., ¶ 6.)

Accordingly, the Court finds that SokyaHealth is domiciled in California. The Court therefore lacks subject matter jurisdiction. Plaintiff's motion is **GRANTED**.

## C. Request for Attorneys' Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

26-cv-00429-DMS-BJW

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  Plaintiff argues that "Defendants lacked any objectively reasonable basis for seeking removal" because "[a]t the time of removal, Defendants knew or should have known that [SokyaHealth] was a California corporation that had already been properly served."  (Mot. 7.)  Thus, Plaintiff requests $3,000 in attorneys' fees for the amount incurred preparing her motion to remand and the reply brief.  (Reply 4–5.)  Although the Court finds Defendants did not meet their burden, Defendants provided some evidence that there are two SokyaHealth entities incorporated in separate states and that the Oregon corporation is Plaintiff's employer.  The Court does not find that Defendant lacked an "objectively reasonable basis" for seeking removal. Plaintiff's request for attorneys' fees is therefore **DENIED**.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** this action to the State Court and **VACATES** the February 27, 2026 hearing. The Court also **DENIES** Plaintiff's request for attorneys' fees.

Dated:  February 23, 2026

Hon. Dana M. Sabraw
United States District Judge